**MB ASSOCIATES, Petitioner,**

v.

**D.C. DEPARTMENT OF LICENSES, INVESTIGATION & INSPECTION, Respondent.**

**Don't Tear It Down, Inc., Intervenor.**

**No. 81–635.**

District of Columbia Court of Appeals.

Argued Feb. 24, 1982.

Decided Oct. 21, 1982.*

James M. Christian, Washington, D.C., with whom Mark London, Washington, D.C., was on briefs, for petitioner.

Richard B. Nettler, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for respondent.

John R. Labovitz, Washington, D.C., with whom Jessie M. Colgate, Timothy M. Walsh, and Ildiko P. DeAngelis, Washington, D.C., were on brief, for intervenor.

Before NEWMAN, Chief Judge, and KERN and BELSON, Associate Judges.

PER CURIAM:

Petitioner seeks review of an order of the Mayor's Agent for the Historic Landmark and Historic District Protection Act, D.C. Code 1981, §§ 5–1001 *et seq.,* denying its application for a demolition permit for the Bond Building. Petitioner contends that (1)

---

* *The original disposition of this case was by an unpublished Memorandum Opinion and Judg-* ment. Respondent's motion for publication was granted by the court.

the Mayor's Agent's decision was not supported by substantial evidence in the record and (2) the denial of the demolition permit for the Bond Building constituted an unconstitutional taking of its property.

I

On or about January 19, 1980, intervenor, Don't Tear It Down, filed an application with the Joint Committee on Landmarks for designation of the Bond Building as an historic landmark. On January 21, 1980, petitioner, the owner of the building, filed an application with the D.C. Department of Licenses, Investigations & Inspections to demolish the building. On October 21, 1980, the Joint Committee designated the building as a Category III landmark and recommended that it be nominated to the National Register of Historic Places.[1] The Mayor's Agent referred the demolition application to the Joint Committee. On October 23, 1980, the Joint Committee recommended that the application for the demolition permit be denied. Following a public hearing, on May 11, 1981, the Mayor's Agent denied petitioner's application for the demolition permit. She held that (1) denial of the permit would not result in unreasonable economic hardship to the petitioner and (2) petitioner's proposal was not a project of special merit.

II

We must uphold the Mayor's Agent's decision if her findings of fact are supported by substantial evidence in the record considered as a whole and the conclusions of law flow rationally from those findings. D.C.Code 1981, § 1–1510(a)(3)(E); *900 G Street Associates v. Department of Housing and Community Development,* D.C.App., 430 A.2d 1387, 1391 (1981); *Citizens Committee to Save Historic Rhodes Tavern v. District of Columbia Department of Housing and Community Development,* D.C. App., 432 A.2d 710, 717 & n. 15 (1981); *See*

*also Citizens Association of Georgetown, Inc. v. District of Columbia Zoning Commission,* D.C.App., 402 A.2d 36, 41–42 (1979) (en banc).

█ First, petitioner contends that the Mayor's Agent erred in concluding that it failed to meet its burden of proving that the demolition permit was necessary to avoid unreasonable economic hardship. The Mayor cannot issue a demolition permit unless he finds that the "issuance of the permit is necessary in the public interest, or that failure to issue a permit will result in unreasonable economic hardship to the owner." D.C.Code 1981, § 5–1004(e). The burden of proof is on the property owner to establish that no other reasonable economic use for the building exists. *900 G Street Associates v. Department of Housing and Community Development, supra* at 1391. Petitioner asserts that it would be unreasonably costly to repair the floors to bring the building into compliance with the building code. A structural engineer testified that repairs to the floors were feasible and that after the repairs were made, the building could be used as an office building. Furthermore, the record supports the Mayor's Agent's finding that petitioner had not attempted to sell the building after the designation of the building as an historic landmark. Thus, there is ample evidence in the record that petitioner failed to meet its burden of proving unreasonable economic hardship.

Second, petitioner alleges that the Mayor's Agent erred in finding that petitioner's alternative proposal was not a project of special merit. The Act defines "necessary in the public interest" as "consistent with the purposes of this chapter ... or necessary to allow the construction of a project of special merit." D.C.Code 1981, § 5–1002(10). Petitioner contends that the Mayor's Agent's finding that applicant failed to prove that the proposal was a project of special merit was not supported

---

1. The appeal of the designation of the building as an historic landmark, *MB Associates v. Joint Committee on Historic Landmarks,* No. 80–1184, was dismissed by this court on August 17, 1982.

by substantial evidence in the record.[2] The Mayor's Agent noted that petitioner failed to present definite and detailed plans for the project. Furthermore, the Mayor's Agent found that the contribution in downtown development asserted by petitioner was common to all downtown redevelopment plans. Thus, there is substantial evidence in the record to uphold the Mayor's Agent's conclusion that petitioner's proposal was not a project of special merit.

### III

Petitioner also contends that the Historic Landmark and Historic District Protection Act was unconstitutional as applied to petitioner's property. We stated in *900 G Street Associates v. Department of Housing and Community Development, supra* at 1390:

> [I]f there is a *reasonable* alternative economic use for the property after the imposition of the restriction on that property, there is no [unconstitutional] taking, and hence no unreasonable economic hardship to the owners, no matter how diminished the property may be in cash value and no matter if "higher" or "more beneficial" uses of the property have been proscribed.

The Mayor's Agent found that there were reasonable alternative economic uses for the building. Since that finding is supported by substantial evidence of record and since there was a finding of no unreasonable economic hardship to petitioner, we conclude that there was no unconstitutional taking of property.

*Affirmed.*

**2.** Petitioner also asserts that the Mayor's Agent failed to balance the historic value of the landmark against the special merit of the proposed project as required by *Citizens Committee to Save Rhodes Tavern v. District of Columbia Department of Housing and Community Development, supra.* The Mayor's Agent's decision

in this case, however, was rendered before that decision, which was prospective. *Id.* at 717.

